■ BERNARD LOTH, as Executor of WILLIAM P. HACKER, Deceased, Respondent, v 63 ASSOCIATES, INC., et al., Appellants.—Judgment, Supreme Court, New York County (Francis N. Pecora, J.), entered January 16, 1990 which, *inter alia,* adjudged that plaintiff recover of defendant, 63 Associates, Inc., the balance of the purchase price of a property located at 316 Second Avenue in Manhattan in the sum of $100,347.61 plus interest, unanimously affirmed, without costs.

Plaintiff, as seller and defendant, 63 Associates, Inc., as purchaser, entered into a contract for the sale of property known as 316 Second Avenue in Manhattan. When plaintiff refused to close, 63 Associates brought an action against plaintiff for specific performance. A default judgment directed plaintiff to convey title to 63 Associates upon receipt of the balance of the purchase price, and permitted 63 Associates to apply for an order transferring title to the premises if plaintiff refused to comply.

When plaintiff refused to comply with the judgment, 63 Associates obtained, on default, an order pursuant to CPLR 5107 directing the Sheriff to convey the property. On December 15, 1983, 63 Associates accepted a quitclaim deed from the Sheriff, but did not pay the balance of the purchase price. Defendant 63 Associates thereafter conveyed the property to the defendant 316 Corporation.

On February 21, 1986, plaintiff brought the within declaratory judgment action to declare the deed and subsequent conveyance void, or alternatively, to require 63 Associates to pay the balance of the purchase price. Defendants counterclaimed for $100,000 in damages, alleging that plaintiff had failed to pay property taxes, failed to obtain lawful rent increases and had collected and kept rentals after title to the property had passed. After a nonjury trial, the court dismissed plaintiff's claim for declaratory relief, but granted the plaintiff relief on his claim for the balance of the purchase price. The

court also granted defendants' counterclaims in the sum of $26,152.39.

Defendants' major contention is that plaintiff's claim for the balance of the purchase price was barred by res judicata. Defendants never pleaded res judicata as an affirmative defense as required by CPLR 3018 (b), or moved for summary judgment on that ground. In any event, the judgment dated June 28, 1982, upon which defendants rely, provides that 63 Associates was entitled to obtain a deed to the property only upon tender of the balance of the purchase price. The provision permitting 63 Associates to apply for an order transferring title in the event of plaintiff's failure to comply, cannot be read as a "punitive" provision permitting 63 Associates to obtain title to the property without having to pay the balance of the purchase price.

Nor was it error for the court to grant plaintiff interest on the balance of the purchase price from December 6, 1983, the date 63 Associates obtained title from the Sheriff (CPLR 5001 [c]). We have considered the defendants' other contentions and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Asch, Smith and Rubin, JJ.